UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADOLPH HILL
          Plaintiff,

v.                                         Case No. 04-C-0865

STATE OF WISCONSIN,
RACINE COUNTY CHILD SUPPORT AGENCY
          Defendant.

## DECISION AND ORDER

      Pro se plaintiff Adolph Hill brings this 42 U.S.C. § 1983 action against defendants Racine County Child Support Agency and the State of Wisconsin alleging that defendants violated his right to due process by unlawfully seizing his funds in order to pay child support arrearages. Before me is Racine County's motion to dismiss based on lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1) & (6), and the State's motion to dismiss based on sovereign immunity, Fed. R. Civ. P. 12(b)(6).

      In ruling on a motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and drawing all reasonable inferences from those allegations in his favor. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003). Although the court is generally limited to the pleadings in ruling on such motions, it may also consider matters of public record such as court documents. Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

## I. FACTS AND BACKGROUND

I draw the facts upon which I rely from plaintiff's complaint and court records from Racine County. The circuit court of Racine County entered child support orders against defendant for one child in 1976 and three additional children in 1986. On February 19, 2004, the court found that plaintiff was more than $10,000 in arrears and ordered that he make payments on the arrearage. Plaintiff apparently failed to comply with the order and on July 26, 2004, the court entered a finding of contempt and commitment. Plaintiff commenced the present action on September 10, 2004, claiming that despite the fact that he had always made his payments and thus owed no back support, defendants had seized his tax refunds, garnished his income, and threatened him with incarceration in order to collect the arrearage.

## II. DISCUSSION

Relying on the Rooker-Feldman doctrine, the Racine County defendant moves to dismiss based on lack of subject matter jurisdiction. See Dist. of Colum. Ct. of App. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (2005). The Rooker-Feldman doctrine deprives a lower federal court of jurisdiction to review a state court decision. Lewis v. Anderson, 308 F.3d 768, 772 (7th Cir. 2002). It also "extends to claims that are inextricably intertwined with the state-court judgment [such that] the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Id. (internal quote marks omitted). The doctrine bars review even if I am

2

convinced that the state court's decision was unconstitutional or otherwise contrary to law. Rizzo v. Sheahan, 266 F.3d 705, 713 (7th Cir. 2001).

In determining whether the doctrine applies, "[t]he pivotal question . . . is 'whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" Lewis, 308 F.3d at 772 (quoting Rizzo, 266 F.3d at 713). For example, in Homola v. McNamara, 59 F.3d 647, 649 (7th Cir. 1995), a state court entered a default judgment against Homola for violating a building permit ordinance and directed him to apply for a new permit and permit the city officials to conduct inspections of his property. Homola refused to comply, and the court eventually held him in contempt and ordered his arrest. Id. In a series of federal court actions, Homola sued the city, the city attorney who had prosecuted him, the judge who ordered his arrest and the city official charged with carrying out the judge's inspection order, seeking damages for having been sued, arrested and jailed. and subjected to inspections. Id. The Seventh Circuit held that federal court review of Homola's claims was barred by the Rooker-Feldman doctrine because his alleged injuries arose out of the state court's order. Id. at 650.

An alternative to the source-of-injury test described above is the so-called "party-status test." See Garry v. Geils, 82 F.3d 1362, 1367 (7th Cir.1996). The party-status test suggests that if the federal plaintiff was the plaintiff in the state court action, it is unlikely that the Rooker-Feldman doctrine applies since the injuries he allegedly sustained were caused by the defendant and pre-dated the entry of the state court's final judgment. Thus, the state court failed to remedy, rather than caused, the federal plaintiff's injuries. Conversely, if the federal plaintiff was the defendant in state court, Rooker-Feldman likely applies since the injury the federal plaintiff complains of was not sustained until the state

3

court entered its final judgment. In such cases, the state court caused the injury to the federal plaintiff. Id. at 1367-68. In Exxon Mobil, the Supreme Court recently re-affirmed that Rooker-Feldman was intended to apply to cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting the district court to review and reject those judgments. 125 S. Ct. at 1521-22; see also Holt v. Lake County Bd. of Comm'rs, 408 F.3d 335, 336 (7th Cir. 2005).

Since plaintiff was the defendant in the state court proceedings, and the judgment that he owed substantial arrearages, had defaulted on his obligations, and was subject to commitment pre-dated the instant federal action, the Rooker-Feldman doctrine bars review of his claims. All of the injuries of which plaintiff complains, including defendants' alleged wrongful determination that he owed child support, the alleged wrongful seizure of funds to pay such arrearages, and alleged wrongful incarceration resulted from state court order. Whether such order was correct or not, Rooker-Feldman bars my review of them. Rizzo, 266 F.3d at 713.

In his response to the motion, plaintiff argues that Rooker-Feldman does not apply because he brings this action under § 1983. The Seventh Circuit has rejected this argument. Crestview Vill. Apts. v. United States HUD, 383 F.3d 552, 556-57 (7th Cir. 2004) (stating that a federal plaintiff may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights action, and collecting cases). Plaintiff also states in his response that he does not take issue with the state court's judgment that he was responsible for child support payments. Rather, he states that he challenges defendants' use of that judgment to seize funds he does not owe, falsifying documents that

4

fabricate his debt, and subjecting him to abuse of process and false imprisonment. However, the state court determined that defendant owed back child support, that he was in default, and that he was in contempt and subject to commitment. Thus, the order allowed defendant to collect from plaintiff, and such efforts to enforce a state court judgment are inextricably intertwined with the judgment. See Homola, 59 F.3d at 647. Plaintiff notes that even after this suit was filed, defendants caused him to be arrested. But the state court judgment, which was entered prior to the commencement of the present suit, permitted arrest and commitment. Finally, plaintiff contends that his claims "were [not] properly addressed as per due process standards" in the state court. However, the argument is wholly undeveloped and contrary to the state court record. See Holt, 408 F.3d at 336 n.1. Thus, none of plaintiff's arguments convince me that Rooker-Feldman does not apply.

Because I lack subject-matter jurisdiction to entertain plaintiff's claims, the entire action must be dismissed, and I need not address the State's sovereign immunity argument. Further, because I lack subject matter jurisdiction, I cannot consider plaintiff's motion for a restraining order (R. 16) blocking further attempts to collect.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss for lack of subject-matter jurisdiction (R. 12) is **GRANTED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 11 day of August, 2005.

/s_____
LYNN ADELMAN
District Judge

5